Case 1:02-cv-03542-MJG    Document 32-6    Filed 03/07/2003    Page 1 of 11

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| INTERNATIONAL MARINE & INDUSTRIAL APPLICATORS, INC., an Alabama Corporation <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, and <br><br> BALTIMORE MARINE INDUSTRIES, INC., and <br><br> HELLER FINANCIAL, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. MJG-02CV-3542 |

## UNITED STATES' MOTION TO DISMISS

COMES NOW the Defendant United States, by and through undersigned counsel, pursuant to Fed. R. Civ. P. Rule 12(b)(1) and (6), moves this court for dismissal for failure to state a claim upon which relief can be granted, and for lack of subject matter jurisdiction. A separate memorandum of law has been submitted in support of this motion.

Dated: January 23, 2003.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

THOMAS M. DIBIAGIO
United States Attorney

THOMAS F. CORCORAN
Assistant U.S. Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, MD 21201-2692
Tel: 410-209-4800
Fax: 410-962-2310

_____
GREGG A. CERVI, Trial Attorney
PETER F. FROST, Senior Admiralty Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
Telephone: (202) 616-4033 (Cervi)
Telephone: (202) 616-4031 (Frost)
Facsimile: (202) 616-4159

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Motion to Dismiss was delivered via FAX and U.S. Mail postage pre-paid, this 23rd day of January, 2003, addressed to the following counsel of record:

Edward J. Baines
Patrick E. Clark
Saul Ewing
100 South Charles St., 16th Floor
Baltimore, MD 21201-2773
Tel: 410-332-8600
Fax: 410-332-8185

I. David Cherniak
Lawrence J. Seiter
Johnstone, Adams, Bailey, Gordon and Harris, LLC
P.O. Box 1988
Mobile, AL 36633
Tel: 251-432-7682
Fax: 251-432-0712

Michael Schatzow
Tracey Cohen Paliath
Venable Baetjer and Howard LLP
Two Hopkins Plaza, Suite 1800
Baltimore MD 21201
(410) 244-7400
(410) 244-7742 (fax)

Richard M. Kremen
Jodie Elizabeth Buchman
Piper Rudnick LLP
6225 Smith Ave.
Baltimore, MD 21209-3600
Tel: (410) 580-3000
Fax: (410) 580-3001

GREGG A. CERVI

Copy to: Thomas Corcoran, Assistant U.S. Attorney

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

INTERNATIONAL MARINE & )
INDUSTRIAL APPLICATORS, INC., )
an Alabama Corporation )
)
Plaintiff, )
)
v. ) Case No. MJG-02CV-3542
)
UNITED STATES OF AMERICA, and )
)
BALTIMORE MARINE )
INDUSTRIES, INC., and )
)
HELLER FINANCIAL, INC. )
)
Defendants. )
)

### MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS

Come Now the Defendant United States, in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. Rules 12(b)(1) and (6), submits the following memorandum of law.

### FACTS

Plaintiff International Marine & Industrial Applicators, Inc., ("IMIA"), filed its amended complaint November 13, 2002, alleging that it performed work on the floating dry-dock USS RESOLUTE (AFDM-10)(hereinafter "RESOLUTE"), a public vessel, as a subcontractor to defendant Baltimore Marine Industries ("BMI"). Compl. ¶¶ 8, 10. BMI was the prime contractor of the United States Navy ("Navy" or "United States") to furnish certain repairs to RESOLUTE. Compl. ¶ 7. Plaintiff claims it was not paid by BMI for work performed, and alleges that the

United States is indebted to IMIA for $2,181,398.12, together with interest, costs of court and such other amounts as determined by the Court. Compl. ¶¶ 23-24. Plaintiff alleges authority under the in personam provisions of the Suits in Admiralty Act, 46 U.S.C. app. §§ 741 et seq., for necessaries furnished to RESOLUTE. Plaintiff asserts no contract between the United States and IMIA, and none existed. Compl. ¶¶ 7-8. Rather, it is undisputed that BMI was a government contractor, while IMIA was a subcontractor of BMI. Compl. ¶¶ 7-8.

## DISCUSSION

There is no privity of contract between IMIA and the United States. Plaintiff does not allege authority for its claim of indebtedness of the United States for work it performed as a subcontractor to BMI, however cites as its jurisdictional basis for its claims, the Federal Maritime Lien Act, (citing) 46 U.S.C. § 971 et seq.[1] Compl. ¶ 5. Presuming that the Plaintiff is arguing the existence of a maritime lien against the USS RESOLUTE, such a maritime lien is expressly barred by statute.

The Maritime Commercial Instruments and Lien Act ("MCILA"), 46 U.S.C. § 31342 provides:

> Establishing maritime liens.
> (a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner--
> (1) has a maritime lien on the vessel;
> (2) may bring a civil action in rem to enforce the lien; and
> (3) is not required to allege or prove in the action that credit was given to the vessel.
>
> (b) **This section does not apply to a public vessel.**

---

[1] This section was repealed by Act Nov. 23, 1988, P.L. 100-710, Title I, §§ 106(b)(2), 102 Stat. 4752, effective Jan. 1, 1989, as provided by §§ 107 of such Act, which appears as 46 U.S.C. § 30101 note.

2

46 U.S.C. § 31342 (emphasis added).

This Court has expressly rejected the notion that a maritime lien may be fixed on a public vessel. Sipco Services & Marine, Inc., v. Bethlehem Steel Corporation, 892 F. Supp. 129 (D. Md. 1995). Similarly, in Hopeman Brothers, Inc. v. USNS CONCORD, 898 F. Supp. 338 (E.D. Va. 1995) (adopting the Magistrate's Report at 1995 A.M.C. 2900; 1995 U.S. Dist. LEXIS 14504 (E.D. Va. 1995)), the Court was not persuaded by the Eleventh Circuit's approach in Bonanni, rather found the decisions of several district courts, including the District of Maryland to be persuasive. Hopeman, 1995 A.M.C. 2900; 1995 U.S. Dist. LEXIS 14504, p.5.

The remaining Federal courts that have addressed this issue follow the Sipco view.[2] See also; Pactherm, Inc. v. United States, 1994 U.S. Dist. Lexis 8256 (N.D. Cal. 1994)(plain language of the statute clearly bars liens against public vessels); E.J. Bartells Co. v. Northwest Marine, Inc., 1994 A.M.C. 1057 9 (W.D. Wash. 1994); I.T.O. Corp. v. United States, 1990 A.M.C. 1439 (S.D. Tex. 1990); Colle Towing, Inc. v. United States, 1996 U.S. Dist. LEXIS 5041 (E.D. La. 1996).

The United States had no contract with IMIA for repair work on RESOLUTE. Likewise,

---

[2] The Sipco Court recognized the existence of contrary holdings in the Eleventh Circuit opinion, Bonanni Ship Supply, Inc., v. United States, 959 F.2d 1558 (11th Cir. 1992), however, found the Eleventh Circuit's reasoning in Bonanni to be unsound. Sipco, 892 F. Supp. at 130. In Bonanni, the Court noted that "the MCILA on its face appears to preclude the imposition of a maritime lien on a public vessel," but held that the MCILA does not "preclude the imposition of maritime liens on public vessels where an admiralty plaintiff sues the United States in personam on principles of in rem liability." Bonanni, 959 F.2d at 1562, 1564. However, a subsequent Eleventh Circuit panel, critical of the Bonanni reasoning, suggested that an en banc review of Bonanni might be appropriate. Turecamo of Savannah, Inc. v. United States, 36 F.3d 1083, 1087 (11th Cir. 1994), cert. denied, 516 U.S. 1028 (1995).

3

JAN 24 2003 10:22 FR PIPER RUDNICK LLP   410 580 3777 TO 10310#14040#2#12 P.16/17
JAN-23-2003 16:02   DOJ/TORTS/AVI&ADMIN

no maritime lien may be fixed on a public vessel. Therefore, Plaintiff is not entitled to recover on its claims against the United States.

## CONCLUSION

For the reasons stated above, the Plaintiff failed to allege a claim upon which relief can be granted, and this Court lacks subject matter jurisdiction.

Dated: January 23, 2003.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

THOMAS M. DIBIAGIO
United States Attorney

THOMAS F. CORCORAN
Assistant U.S. Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, MD 21201-2692
Tel: 410-209-4800
Fax: 410-962-2310

GREGG A. CERVI, Trial Attorney
PETER F. FROST, Senior Admiralty Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
Telephone: (202) 616-4033 (Cervi)
Telephone: (202) 616-4031 (Frost)
Facsimile: (202) 616-4159

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Memorandum in Support of the United States' Motion to Dismiss was delivered via FAX and U.S. Mail postage pre-paid, this 25nd day of January, 2003, addressed to the following counsel of record:

Edward J. Baines
Patrick E. Clark
Saul Ewing
100 South Charles St., 16th Floor
Baltimore, MD 21201-2773
Tel: 410-332-8600
Fax: 410-332-8185

I. David Cherniak
Lawrence J. Seiter
Johnstone, Adams, Bailey, Gordon and Harris, LLC
P.O. Box 1988
Mobile, AL 36633
Tel: 251-432-7682
Fax: 251-432-0712

Michael Schatzow
Tracey Cohen Paliath
Venable Baetjer and Howard LLP
Two Hopkins Plaza, Suite 1800
Baltimore MD 21201
(410) 244-7400
(410) 244-7742 (fax)

Richard M. Kremen
Jodie Elizabeth Buchman
Piper Rudnick LLP
6225 Smith Ave.
Baltimore, MD 21209-3600
Tel: (410) 580-3000
Fax: (410) 580-3001

GREGG A. CERVI

Copy to: Thomas Corcoran, Assistant U.S. Attorney

5

TOTAL P.10

JAN 24 2003 10:20 FR PIPER RUDNICK LLP    410 580 3777 TO 10310#14040#2#12 P.05/17
JAN-23-2003 16:38    DOJ/TORTS/AVI&ADMIN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| INTERNATIONAL MARINE & INDUSTRIAL APPLICATORS, INC., an Alabama Corporation <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, and <br><br> BALTIMORE MARINE INDUSTRIES, INC., and <br><br> HELLER FINANCIAL, INC. <br><br> Defendants. | Case No. MJG-02CV-3542 |

## ORDER

Upon consideration of Defendant United States' Motion to Dismiss, and any opposition thereto, it is this ___ day of _____, 2003, hereby

ORDERED, that Defendant United States' Motion to Dismiss is hereby GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint against the United States is dismissed in its entirety with prejudice.

_____
The Honorable Marvin J. Garbis
United States District Court for District of Maryland

Case 1:02-cv-03542-MJG   Document 32-6   Filed 03/07/2003   Page 11 of 11

JAN 24 2003 10:20 FR PIPER RUDNICK LLP    410 580 3777 TO 10310#14040#2#12 P.06/17
JAN-23-2003 16:39    DOJ/TORTS/AVI&ADMIN                         202 616 4159    P.04/04

Copies to:

THOMAS F. CORCORAN
Assistant U.S. Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, MD 21201-2692
Tel: 410-209-4800
Fax: 410-962-2310

GREGG A. CERVI
PETER F. FROST
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
Telephone: (202) 616-4033 (Cervi)
Telephone: (202) 616-4031 (Frost)
Facsimile: (202) 616-4159

Edward J. Baines
Patrick B. Clark
Saul Ewing
100 South Charles St., 16th Floor
Baltimore, MD 21201-2773
Tel: 410-332-8600
Fax: 410-332-8185

L David Cherniak
Lawrence J. Seiter
Johnstone, Adams, Bailey, Gordon and Harris, LLC
P.O. Box 1988
Mobile, AL 36633
Tel: 251-432-7682
Fax: 251-432-0712