Case 1:02-cv-03542-MJG    Document 32-7    Filed 03/07/2003    Page 1 of 8

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

INTERNATIONAL MARINE & )
INDUSTRIAL APPLICATORS, INC., )
)
Plaintiff )
)
) Case No. MJG 02-CV-3542
v. )
)
UNITED STATES OF AMERICA, *et al.* )
)
Defendants. )

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANT UNITED STATES OF AMERICA

I.   Introduction.

In its Complaint, IMIA has alleged facts which would give rise to a maritime lien for necessaries furnished to the RESOLUTE pursuant to the Maritime Commercial Instruments and Lien Act ("MCILA"), 46 U.S.C.A. § 31342 (2002 Supp.) based upon the *in personam* provisions of the Suits in Admiralty Act, 46 App. U.S.C.A. §§741-752 (2002 Supp.) The United States of America ("United States" or "the Government") has filed with this Court its motion to dismiss IMIA's claim against the Government, arguing that IMIA has not stated a cognizable claim upon which relief can be granted and further, that this Court lacks subject matter jurisdiction. The United States further argues that MCILA prohibits a cause of action against the RESOLUTE based upon *in personam* principles of liability as outlined in 46 App. U.S.C.A. § 741-752 (Supp. 2002). The Government relies upon

753708.1 2/10/03

1

citation to six district court cases from three different federal circuits to support its argument that the language of 46 U.S.C.A. § 31342(b) expressly disallows the imposition of a libel *in personam* based upon *in rem* principles of liability against a public vessel with the drastic consequence of abrogating section 741 *et. seq.* of the Suits in Admiralty Act.[1] IMIA contends that the United States' argument that MCILA abrogates section 741 *et. seq.* of the Suits In Admiralty Act is unsupported by the legislative history surrounding the enactment of MCILA, by the case law that preceded the enactment of MCILA, or by any other case law that indicates that the enactment of MCILA abrogated 46 App. U.S.C.A. § 741 *et. seq,* of the Suits in Admiralty Act. Furthermore, the Fourth Circuit has yet to address the question at issue before the Court and based upon the foregoing, IMIA has sufficiently alleged an *in personam* cause of action in lieu of a maritime lien against the RESOLUTE based upon *in rem* principles liability and the United States' motion to dismiss is due to be denied.

II. **MCILA does not Foreclose Libel in Personam Actions Against the United States.**

IMIA's action against the RESOLUTE arises out of Section 742 of the Suits in Admiralty Act, which states:

> In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States....

---

[1] IMIA notes that as of this writing, no Circuit Court of Appeals aside from the Eleventh Circuit has rendered an opinion on the issue now before this Court.

46 App. U.S.C.A. § 742. The United States has cited to no case in its Memorandum in Support of its Motion to Dismiss that has held that Congress intended to repeal or invalidate 46 App. U.S.C.A. § 742 when it enacted MCILA.

The Eleventh Circuit Court of Appeals in *Bonanni Ship Supply Inc., v. United States*, 959 F.2d 1558, 1561-62 (11th Cir. 1992) directly addressed the question of whether the enactment of MCILA prohibited a suit to recover money allegedly owed to a plaintiff subcontractor by the United States for repairs to a public vessel.[2] The court noted that a "1989 technical amendment to the MCILA eliminated the parenthetical portion of Section (a) and added a subsection (b), which states "[t]his section does not apply to a public vessel."[3] *Id.* at 1562. Notwithstanding the 1989 technical amendment which added subsection (b), the *Bonanni* court correctly pointed out that the legislative history of Section 31342 states,

> "[t]his section makes no substantive changes to law. This section does not supersede the prohibition under the Public Vessels Act, the Foreign Sovereign Immunities Act, or the Suits in Admiralty Act, on bringing an *in rem* action against a public vessel."

H. Rep. No. 100-918, reprinted at 7 U.S.C.C.A.N., 100th Cong., 2d Sess. 6104, 6141 (1988).[4] The *Bonanni* Court looked to precedent from the former Fifth Circuit, *Illinois Central Gulf R.R. v.*

---

[2] Although a different panel of the Eleventh Circuit in *Turecamo of Savannah, Inc v. United States*, 36 F.3d 1083, 1087 (11th Cir. 1994), *cert. denied*, 516 U.S. 1028 (1995) questioned the wisdom of the decision in *Bonanni*, IMIA submits that *Bonanni* is still controlling precedent in the Eleventh Circuit.

[3] The 1989 amendment to 46 U.S.C.A. § 31342 (2002 Supp.) which added subsection "(b)" can be found in the Coast Guard Authorization Act, Pub. L. No. 101-225, 103 Stat. 1908, Section 303.

[4] Further evidence of Congress' intent not to change the law can be found in other parts of MCILA's legislative history: "This report will detail where no substantive change to law is intended. Some have expressed concern that *changes in terminology and style* will result in changes in substance or *impair the precedent value of earlier judicial decisions* and other interpretations, even when substantive

*nothing said*

*Southern Rock, Inc.*, 644 F.2d 1138 (5ᵗʰ Cir. 1981).⁵ In *Illinois Central*, the former Fifth Circuit concluded that where "Congress had stated explicitly in the legislative history that the change in wording 'may not be construed as making a substantive change in the laws replaced,' . . . the law prior to the enactment of the MCILA . . . [will] bind courts of this circuit interpreting the MCILA." *Bonanni*, 959 F.2d at 1563. Moreover, the Eleventh Circuit is not alone in considering that when the legislative history expressly states that no substantive change is made, that Congress did not intend to alter the earlier Act which it codified. See, e.g., *Muniz v. Hoffman*, 422 U.S. 454, 455 (1975) ("Absent an express provision or any indication in the Reviser's Note that a substantive change in the law was contemplated, no intention on Congress' part to change its original intention is shown by the fact that a section of an Act was repealed and replaced by a different section"); *United States v. Standard Oil Co.*, 384 U.S. 224, 228 (1966) ("The legislative history demonstrates without contradiction that Congress intended to codify without substantive change the earlier Acts."); *Washington-Dulles Transp., Ltd. v. Metropolitan Washington Airports Authority*, 263 F.3d 371, 379 (4ᵗʰ Cir. 2001) ("'[I]t will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect unless such intention is clearly expressed.' The Act that codifies the Enabling Act expressly disclaims the intent to make any substantive change in the law.") (quoting *Finley v. United States*, 490 U.S. 545, 554 (1989)).

---

    changes are not made." H. Rep. No. 100-918, reprinted at 7 U.S.C.C.A.N., 100ᵗʰ Cong., 2d Sess. 6104, 6108 (1988) (emphasis added).

⁵ The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11ᵗʰ Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

As demonstrated below, the language and meaning of Section 31342 remains substantially unchanged after the 1989 technical amendment which added subsection (b) to Section 31342:

46 U.S.C. § 31342 as enacted in 1988:

> [a] person providing necessaries to a vessel (except a public vessel) on the order of a person listed in section 31341 of this title or a person authorized by the owner–
> (1) has a maritime lien on the vessel;
> (2) may bring a civil action in rem to enforce the lien; and
> (3) is not required to allege or prove in the action that credit was given to the vessel.

46 U.S.C.A. § 31342 (Supp. 2002) after the 1989 technical amendment:

> (a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or person authorized by the owner–
> (1) has a maritime lien on the vessel;
> (2) may bring a civil action in rem to enforce the lien; and
> (3) is not required to allege or prove in the action that credit was given to the vessel.
> (b) This section does not apply to a public vessel.

The 1988 version of Section 31342 contained the language "except a public vessel" in section (a) which was removed and replaced in new subsection (b) of the 1989 amendment. A reading of *either* version of the statute indicates that an exception exists for public vessels. In other words, the Legislative History of the 1988 MCILA, as indicated above and discussed further below, unequivocally states that Congress did not intend there to be any substantive change in the law. The 1989 revision of section (a) and the addition of subsection (b) is merely a "technical" revision and thus does not constitute a substantive change in the law, thus leaving the "no substantive change in the law" language in the Legislative History of the 1988 enactment as controlling.

753708.1 2/10/03

5

In addition to the fact that the Section-By-Section Analysis of the Legislative History indicates that Congress did not intend Section 31342 to make any substantive change to existing law, the following quotations from the Legislative History provide additional evidence:

> "Chapter 313 [which encompasses Section 31342] is essentially a codification of the Ship Mortgage Act, 1920 (46 App. U.S.C. 911-984)." H. Rep. No. 100-918, reprinted at 7 U.S.C.C.A.N., 100th Cong., 2d Sess. 6104, 6127 (1988).
>
> . . .
>
> "The Department of Justice takes no position with respect to Chapter 313, except for some minor comments. *Id.* at 6148.
>
> . . .
>
> "Although we [Department of Justice] defer to the Maritime Administration and the Coast Guard as to the merits of Chapter 313, we offer the following *technical* comments." *Id.* (emphasis added).

Contrary to the unambiguous Legislative History cited above as well as a plain reading of the 1988 and 1989 versions of Section 31342, the United States cites *Sipco Services and Marine, Inc., v. Bethlehem Steel Corp.*, 892 F. Supp. 129 (D. Md. 1995) where Chief Judge Smalkin in a memorandum opinion granted the United States' motion to dismiss Sipco's maritime lien against a public vessel based upon the reasoning of the district court in *E. J. Bartells Co. v. Northwest Marine, Inc.*, 1994 A.M.C. 1057, 1994 WL 476189 (W.D. Wash. 1994). The *Bartells* court reasoned that "the two passages relied on in *Bonanni*, stating that no "substantive change" was intended do not refer to a *final version* of the bill, to which was added a provision at the request of the department of justice." *Bartells*, 1994 WL 476189 at *2 (emphasis added). The *Bartells* court then proceeded to cite a portion of a letter from the U.S. Department of Justice that requested that Section 31342 should be amended to include the italicized phrase:

> A person providing necessaries to a vessel, *other than a public vessel of the United States or a public vessel of a foreign government,* on the order of a person listed in section 31341 of this title or a person authorized by the owner–

*Bartells*, 1994 WL 476189 at *2, quoting, H. Rep. No. 100-918, reprinted at 7 U.S.C.C.A.N., 100th Cong., 2d Sess. 6104, 6149 (1988). The problem with the *Bartells* court's reasoning is that the letter from the Department of Justice dated August 10, 1988 was included in the same legislative history that included the "no substantive change" in the law discussed, *supra*.[6] Moreover, the changes requested by the Department of Justice *are* reflected in the 1988 version of Section 31342 by the parenthetical in (a): a person providing necessaries to a vessel (**except a public vessel**) on the order of a person listed in Section 31341 of this title or a person authorized by the owner. Furthermore, the letter from the Department of Justice is not controlling, it merely suggested what it deemed to be "minor" and "technical" changes to Chapter 313. Thus contrary to the *Bartells* court's analysis, the reasoning of *Bonanni* is sound and the intent of Congress was clear that it did not foresee any substantive change in the law when it enacted MCILA.

Furthermore, the *Bonanni* court is not the only court to conclude that Congress did not intend there to be substantive change in the law with respect to MCILA Section 31342. For example the

---

[6] *Bartells,* 1994 WL 476189 at *2, indicates that the letter from the Department of Justice was considered *after* the language that no "substantive change in the law" was added. However, nothing in House Report No. 100-918, reprinted at 7 U.S.C.C.A.N., 100th Cong., 2d Sess. 6104 (1988), indicates that the Department of Justice request came afterwards. House Report 100-918 is dated September 15, 1988 and the Department of Justice letter is dated August 10, 1988. House Resolution No. 3105 was passed by the House on October 21, 1988 and by the Senate on October 20, 1988.