IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

INTERNATIONAL MARINE & INDUSTRIAL APPLICATORS, INC., an Alabama Corporation, )

Plaintiff, ) Case No. MJG-02CV-3542

v. )

UNITED STATES OF AMERICA, and )

BALTIMORE MARINE INDUSTRIES, INC., and )

HELLER FINANCIAL, INC. )

Defendants. )

**AFFIDAVIT OF JAMES A. KELLEY**

I, James A. Kelley, am more than twenty-one years of age, am competent to testify as a witness, and have personal knowledge of the facts set forth below.

2. I am an attorney at the firm of Bastianelli, Brown and Kelley located in Washington, D.C.

3. I served as legal counsel to International Marine and Industrial Applications, Inc. ("IMIA") in regard to the negotiation of its Request for Change Order submitted through Baltimore Marine Industries, Inc. ("BMI") to the United States of America.

4. I received a copy of the letter dated November 5, 2002 and addressed to BMI, which is attached hereto as Exhibit A.

5. This letter was in response to letters I sent to Mr. Mike Chappell, Contracting Officer, United States Navy and Mr. Stephen P. Anderson, legal counsel for the Supervisor of Shipbuilding, Conversion and Repair, United States Navy advising them that IMIA had not received its portion of the proceeds paid to BMI by the Government.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing declaration is true and correct to the best of my knowledge and belief.

Date: April 4 2003

James A. Kelley

State of Va
City of Alexandria
Wakettia A Ferguson

WAKETTIA A FERGUSON
Notary Public, Virginia
My Commission Expires February 28, 2006



**DEPARTMENT OF THE NAVY**
SUPERVISOR OF SHIPBUILDING, CONVERSION AND REPAIR, USN
PO BOX 215
PORTSMOUTH, VIRGINIA 23705-0215

IN REPLY REFER TO:

4330
Ser 420MC/507
November 5, 2002

Baltimore Marine Industries
600 Shipyard Road
Baltimore, MD 21219-1023

SUBJECT NON-PAYMENT OF SUBCONTRACTORS

The Supervisor received the attached letter from Mr. James Kelly, Attorney for International Marine and Industrial Applicators, Inc. (IMIA), complaining about nonpayment of a contract debt owed to IMIA for subcontract work performed on the USS Resolute (AFDM-10), Job Order 1078. As I am sure you are aware of, Baltimore Marine Industries (BMI) settled its claim, partly on behalf of IMIA, and has been paid the agreed settlement amount. The settlement was fully intended by the Parties to the settlement to cover the subcontract claim of IMIA, which Mr. Kelly is complaining about.

Under FAR 32.112-1, the Contracting Officer is to provide to IMIA, among other items, a payment status of the prime contract. To assist the contracting officer in accomplishing this, please provide written input on the status of BMI's coming of terms with IMIA and making appropriate payment to them. Please include a written description of the steps you have taken to communicate to IMIA on this issue.

You are encouraged to make timely payments of just subcontractor and vendor debts to BMI and in general. You should recognize the possible adverse inferences that can be drawn from failure to do so.

Sincerely,

M. W. Chappell

M. W. CHAPPELL
Contracting Officer
By direction of the Supervisor

Enclosure: Bastianell, Brown & Kelly letter dated October 25, 2002

Copy to:
Bastianell, Brown & Kelly, Two Lafayette Centre, 1133 21st Street, N.W., Suite 500, Washington, DC 20036

EXHIBIT
tabbies
A