RIAN L. BASTIANELLI, III
MITCHELL BROWN *
PHILIP R. CROESSMANN *
JAMES A. KELLEY *
LAWRENCE C. MELTON *
CHARLES M. REIFEL
GEORGE W. STIFFLER
RICHARD W. SCHWARTZMAN
TINA S. TISINGER *
DONALD A. TOBIN
RONALD H. USCHER *
NICK R. HOOGSTRATEN †
LORI ANN LANGE †

COUNSEL
H. CLAYTON COCK, JR.
MARCUS W. SISK, JR.

* ALSO ADMITTED IN VIRGINIA
† ALSO ADMITTED IN MARYLAND

# BASTIANELLI, BROWN & KELLEY
### CHARTERED
TWO LAFAYETTE CENTRE
1133 21st STREET, N. W.
SUITE 500
WASHINGTON, D. C. 20036
(202) 293-8815

ALSO OFFICES IN
BALTIMORE, MARYLAND
(410) 837-5206 AND
ALEXANDRIA, VIRGINIA
(703) 549-7016

FACSIMILE
(202) 293-7994

bbk@govconlaw.com

August 6, 2002

**VIA FACSIMILE**

Stephen P. Anderson, Esquire
Department of the Navy
SUPSHIP Portsmouth
P.O. Box 215
Portsmouth, Virginia 23705

Re: RESOLUTE (AFDM-10)

Dear Steve:

As you know, IMIA incurred additional costs in performing its subcontract work on the RESOLUTE. IMIA submitted a claim to BMI. BMI incorporated IMIA's claim into BMI's own claim which was submitted to SUPSHIP.

SUPSHIP and BMI have negotiated a settlement of BMI's claim. IMIA was allowed only very limited participation in the settlement negotiations. It is IMIA's understanding that the settlement between SUPSHIP and BMI includes IMIA's additional costs.

During our recent telephone conversation, you indicated that SUPSHIP, via DoD, is in the process of finalizing the paperwork on the settlement and that SUPSHIP should be paying BMI in approximately 30 days. As I advised you, IMIA and BMI have not reached a final settlement on IMIA's claim. Although BMI has offered IMIA a settlement figure, the amount is not satisfactory to IMIA or commensurate with the value of IMIA's claim. A final settlement has not been reached and IMIA has not been paid. BMI also offered IMIA an interim payment several weeks ago, but payment has not been forthcoming. IMIA will not provide BMI or SUPSHIP with a release until it receives payment or a satisfactory payment mechanism is agreed to by the parties.

Please be advised that IMIA continues to look to the Government to ensure full and complete payment of the additional work that IMIA performed for the benefit of the Government. Government maritime subcontractors, such as IMIA, have recovered directly from the Government for work performed on government vessels. For example, in *Marine Coatings of*

BASTIANELLI, BROWN & KELLEY
CHARTERED

Stephen P. Anderson, Esquire
August 6, 2002
Page 2

*Al., Inc. v. United States*, 1993 U.S. dist. LEXIS 219 (S.D. Al. 1993), *aff'd in part and rev'd in part*, 71 F.3d 1558 (11th Cir. 1996), a subcontractor brought suit against the Government for unpaid blasting and coating work. Although the Government paid the prime contractor for the subcontractor's work, the prime contractor failed to pay the subcontractor. The court held that the subcontractor was entitled to recover against the Government for the unpaid work.

In this case, IMIA has advised SUPSHIP that it has not received payment from BMI and that IMIA is looking to SUPSHIP to ensure full and complete payment. In the event that SUPSHIP makes payment to BMI prior to BMI and IMIA reaching a settlement and prior to an agreement on a mechanism for payment to IMIA, IMIA may be forced to seek recovery against SUPSHIP.

Please feel free to contact me if you have any questions.

Very truly yours,

*James A. Kelley IV*

James A. Kelley

M:\MAC\\011\39.LTR