IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| INTERNATIONAL MARINE & <br> INDUSTRIAL APPLICATORS, INC., <br> an Alabama Corporation <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, and <br><br> BALTIMORE MARINE <br> INDUSTRIES, INC., and <br><br> HELLER FINANCIAL, INC. <br><br> Defendants. | Case No. MJG-02CV-3542 |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS**

Comes Now the Defendant United States, in support of its Motion to Dismiss plaintiff's Third Amended Complaint pursuant to Fed. R. Civ. P. Rules 12(b)(1) and (6), and submits the following memorandum of law.

**FACTS**

Plaintiff International Marine & Industrial Applicators, Inc., ("IMIA"), filed its amended complaint November 13, 2002, alleging that it performed work on the floating dry-dock USS RESOLUTE (AFDM-10)(hereinafter "RESOLUTE"), a public vessel, as a subcontractor to defendant Baltimore Marine Industries ("BMI"). Compl. ¶¶ 8, 10. BMI was the prime contractor of the United States Navy ("Navy" or "United States") to furnish certain repairs to

RESOLUTE.  Compl. ¶ 7.

Plaintiff claims it was not paid by BMI for work performed, and alleges that the United States is therefore indebted to IMIA for $2,181,398.12, together with interest, costs of court and such other amounts as determined by the Court.  Compl. ¶¶ 23-24.  Plaintiff alleges authority under the in personam provisions of the Suits in Admiralty Act (SAA), 46 U.S.C. app. §§ 741 et seq., and the Maritime Commercial Instruments and Lien Act ("MCILA"), 46 U.S.C. § 31342, for necessaries furnished to RESOLUTE.  Compl. ¶¶ 2, 5.

Plaintiff asserts no contract between the United States and IMIA, and none existed.  Compl. ¶¶ 7-8.  Rather, it is undisputed that BMI was a government contractor, while IMIA was a subcontractor of BMI.  Compl. ¶¶ 7-8.

Plaintiff's Third Amended Complaint added the assertion that IMIA notified the United States that it had not been paid by BMI, but that the United States nonetheless settled BMI's final payment request pursuant to its contract with the United States, which included IMIA's claimed "Request for Change Order."  IMIA therefore also alleges that the United States breached its "stakeholder" responsibility giving rise to an "equitable lien" for the benefit of IMIA against the government funds already paid to BMI.  Compl. §§ 45-54.

## DISCUSSION

**THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS BECAUSE PLAINTIFF LACKS A CAUSE OF ACTION UNDER THE SAA, NO MARITIME LIEN MAY BE ALLOWED AGAINST A PUBLIC VESSEL, AND THE UNITED STATES IS NOT AN EQUITABLE TRUSTEE OF FUNDS PAID TO A PRIME CONTRACTOR ON BEHALF OF SUB-CONTRACTORS.**

   A.  The SAA's "Jurisdictional Hook" and Limited Waiver of Sovereign Immunity Does Not Provide Plaintiff a Cause of Action.

The Plaintiff asserts that it has a maritime lien on a public vessel of the United States, and that the lien may be enforced under the provisions of the Suits in Admiralty Act (SAA), 46 U.S.C. app. § 742, et seq. This is wrong.

The SAA is a limited waiver of sovereign immunity "[i]n cases where if such vessel were privately owned or operated, . . . a proceeding in admiralty could be maintained." 46 U.S.C. app. § 742. In order to avoid the actual arrest and seizure of government-owned vessels under the in rem process, the statute also provides that, "[i]f the libelant so elects in his libel, the suit may proceed in accordance with the principles of libels in rem wherever it shall appear that had the vessel or cargo been privately owned and possessed a libel in rem might have been maintained." 46 U.S.C. app. § 743.

The SAA and the foregoing provisions do not themselves provide a cause of action against the United States, but merely operate to waive the sovereign immunity of the Government in admiralty suits. See, e.g., Nelson v. United States, 639 F.2d 469, 473 (9th Cir. 1980). The SAA "merely provides a jurisdictional hook upon which to base a traditional admiralty claim." Trautman v. Buck Steber, Inc., 693 F.2d 440, 444 (5th Cir. 1982); see Williams v. Central Gulf Lines, 874 F.2d 1058, 1059-60 (5th Cir. 1989); Blanco v. United States, 775 F.2d 53, 63 n.8 (2d Cir. 1985).

Additionally, the SAA also preserves to the United States "the benefits of all exemptions and of all limitations of liability accorded by law to the owners . . . of vessels." 46 U.S.C. app. § 746. One of those entitled defenses includes the exclusion of public vessels from the MCILA.

Thus, a Plaintiff suing under the SAA must look to a separate source of liability recognized by admiralty law. Stated another way, the SAA merely provides the keys which

3

allow a maritime Plaintiff to open the locks of subject matter jurisdiction; once the jurisdictional keys are turned and the Plaintiff enters the federal courthouse, he must then find a cause of action permitted under the substantive maritime law. But the government never gives up the defenses or exclusions that a similarly situated private party may be entitled to, merely because the SAA provides a waiver of sovereign immunity.

> B. Plaintiff Has No Privity of Contract with the United States and No Maritime Lien Against a Public Vessel.

There is no privity of contract between IMIA and the United States. Plaintiff does not allege authority for its claim of indebtedness of the United States for work it performed as a subcontractor to BMI, however cites as its jurisdictional basis for its claims, the SAA and the MCILA. Compl. ¶ 5. Presuming that the Plaintiff is arguing the existence of a maritime lien against the USS RESOLUTE, such a maritime lien is expressly barred by statute.

The Maritime Commercial Instruments and Lien Act ("MCILA"), 46 U.S.C. § 31342 provides:

> Establishing maritime liens.
> (a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner--
> (1) has a maritime lien on the vessel;
> (2) may bring a civil action in rem to enforce the lien; and
> (3) is not required to allege or prove in the action that credit was given to the vessel.
>
> (b) **This section does not apply to a public vessel**.

46 U.S.C. § 31342 (emphasis added).

This Court has expressly rejected the notion that a maritime lien may be fixed on a public vessel. Sipco Services & Marine, Inc., v. Bethlehem Steel Corporation, 892 F. Supp. 129 (D. Md. 1995). Similarly, in Hopeman Brothers, Inc. v. USNS CONCORD, 898 F. Supp. 338 (E.D. Va. 1995) (adopting the Magistrate's Report at 1995 A.M.C. 2900; 1995 U.S. Dist. LEXIS 14504

4

(E.D. Va. 1995)), the Court was not persuaded by the Eleventh Circuit's approach in Bonanni, but rather found the decisions of several district courts, including the District of Maryland, to be persuasive. Hopeman, 1995 A.M.C. 2900; 1995 U.S. Dist. LEXIS 14504, p.5.

The remaining Federal courts that have addressed this issue follow the Sipco view.[1] See also; Pactherm, Inc. v. United States, 1994 U.S. Dist. Lexis 8256 (N.D. Cal. 1994)(plain language of the statute clearly bars liens against public vessels); E.J. Bartells Co. v. Northwest Marine, Inc., 1994 A.M.C. 1057 9 (W.D. Wash. 1994); I.T.O. Corp. v. United States, 1990 A.M.C. 1439 (S.D. Tex. 1990); Colle Towing, Inc. v. United States, 1996 U.S. Dist. LEXIS 5041 (E.D. La. 1996).

The United States had no contract with IMIA for repair work on RESOLUTE. Likewise, no maritime lien may be fixed on a public vessel. Therefore, Plaintiff is not entitled to recover on its claims against the United States.

    C. No Equitable Lien Arises Against the United States on Funds Paid by the Government to its Contractor pursuant to a Contact.

Plaintiff alleges the United States became a "stakeholder" when it knew that IMIA had not settled it's claim for payment with BMI (with whom it had a contractual relationship) and yet

---

[1] The Sipco Court recognized the existence of contrary holdings in the Eleventh Circuit opinion, Bonanni Ship Supply, Inc., v. United States, 959 F.2d 1558 (11th Cir. 1992), however, found the Eleventh Circuit's reasoning in Bonanni to be unsound. Sipco, 892 F. Supp. at 130. In Bonanni, the Court noted that "the MCILA on its face appears to preclude the imposition of a maritime lien on a public vessel," but held that the MCILA does not "preclude the imposition of maritime liens on public vessels where an admiralty plaintiff sues the United States in personam on principles of in rem liability." Bonanni, 959 F.2d at 1562, 1564. A subsequent Eleventh Circuit panel, critical of the Bonanni reasoning, suggested that an en banc review of Bonanni might be appropriate. Turecamo of Savannah, Inc. v. United States, 36 F.3d 1083, 1087 (11th Cir. 1994), cert. denied, 516 U.S. 1028 (1995).

paid BMI for its work (and that of its sub-contractor) pursuant to its contract obligations. Plaintiff does not cite any law in support of this contention.

The United States had a contractual obligation to settle amounts owed to its contractor, BMI, regardless of the failure of IMIA and BMI to agree on their independent contract dispute. The United States performed its obligations under the contract by paying its contractor the agreed amount, including amounts submitted on behalf of BMI's sub-contractors.

However Plaintiff attempts to characterize his claims here, the result is the same - the sub-contractor has no enforceable rights against the United States. Laborers and materialmen generally do not have enforceable rights against the United States for their compensation. United States v. Munsey Trust Co., 332 U.S. 234, 241 (1947). Sub-contractors may not enforce an equitable lien against government funds without an express waiver of sovereign immunity. Department of the Army v. Blue Fox, 525 U.S. 255, 265 (1999); FDIC v. Meyer, 510 U.S. 471, 475 (1994).

A waiver of sovereign immunity must be strictly construed, in terms of its scope, favorable to the government, and be "unequivocally expressed" in the statute's text. Blue Fox, 525 U.S. at 261; Lane v. Pena, 518 U.S. 187, 192 (1996). ". . . [U]nless waived by Congress, sovereign immunity bars subcontractors and other creditors from enforcing liens on [g]overnment property or funds to recoup their losses." Blue Fox, 525 U.S. 265. There is no such waiver here. In fact, neither the SAA nor the MCILA address the provision of an equitable lien on government funds, and Plaintiff has not pled any other statutory basis for such a claim.

Therefore, Plaintiff's claim for an equitable lien on government funds already paid to its prime contractor is without a basis in law and must be dismissed.

## **CONCLUSION**

For the reasons stated above, the Plaintiff failed to allege claims upon which relief can be granted, and this Court lacks subject matter jurisdiction. The claims against the United States should be dismissed.

Dated:  June ____, 2003.

                                Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

THOMAS M. DIBIAGIO
United States Attorney

THOMAS F. CORCORAN
Assistant U.S. Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, MD 21201-2692
Tel: 410-209-4800
Fax: 410-962-2310

_____
GREGG A. CERVI, Trial Attorney
PETER F. FROST, Senior Admiralty Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271
Telephone: (202) 616-4033 (Cervi)
Telephone: (202) 616-4031 (Frost)
Facsimile: (202) 616-4159

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of this Memorandum in Support of the United States' Motion to Dismiss was electronically filed with the Clerk of Court and delivered via U.S. Mail, First Class Postage pre-paid, this _____ day of June, 2003, addressed to the following counsel of record:

| | |
|---|---|
| Edward J. Baines | I. David Cherniak |
| Patrick E. Clark | Johnstone, Adams, Bailey, Gordon and Harris, LLC |
| Saul Ewing | P.O. Box 1988 |
| 100 South Charles St., 16th Floor | Mobile, AL 36633 |
| Baltimore, MD 21201-2773 | Tel: 251-432-7682 |
| Tel: 410-332-8600 | Fax: 251-432-0712 |
| Fax: 410-332-8185 | |
| | |
| Michael Schatzow | Richard M. Kremen |
| Tracey Cohen Paliath | Jodie Elizabeth Buchman |
| Venable Baetjer and Howard LLP | Piper Rudnick LLP |
| Two Hopkins Plaza, Suite 1800 | 6225 Smith Ave. |
| Baltimore MD 21201 | Baltimore, MD 21209-3600 |
| (410) 244-7400 | Tel: (410) 580-3000 |
| (410) 244-7742 (fax) | Fax: (410) 580-3001 |
| | |
| Lawrence J. Seiter | |
| John P. Amato | |
| Hahn & Hessen | |
| 488 Madison Ave. | |
| New York, NY 10022 | |

                                                                                                                     _____
                                                                                                                     GREGG A. CERVI

Copy to: Thomas Corcoran, Assistant U.S. Attorney