**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| INTERNATIONAL MARINE & INDUSTRIAL APPLICATORS, INC., an Alabama Corporation, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, and <br><br> BALTIMORE MARINE INDUSTRIES, INC., and <br><br> HELLER FINANCIAL, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. MJG-02CV-3542 |

**ANSWER BY HELLER FINANCIAL, INC. TO THIRD AMENDED COMPLAINT**

Defendant Heller Financial, Inc. ("Heller"), by its undersigned attorneys, hereby answers the Third Amended Complaint (the "Complaint") filed by the Plaintiff International Marine & Industrial Applicators, Inc. ("IMIA") as follows:

1.  Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint; accordingly, such allegations are denied.

2.  Heller admits the allegations contained in paragraph 2 of the Complaint only insofar as they allege that the United States of America is a sovereign. Heller lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 2 of the Complaint; accordingly, such allegations are denied. Except to the extent specifically admitted in this paragraph, each and every allegation in paragraph 2 of the Complaint is denied.

3.  Heller admits the allegations contained in paragraph 3 of the Complaint only insofar as they allege that Baltimore Marine Industries, Inc. ("BMI") is a corporation organized

under the laws of the State of Delaware. Heller lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 3 of the Complaint; accordingly, such allegations are denied. Except to the extent specifically admitted in this paragraph, each and every allegation in paragraph 3 of the Complaint is denied.

4. Heller admits the allegations contained in paragraph 4 of the Complaint.

5. No response to paragraph 5 of the Complaint is required since it merely alleges legal conclusions.

6. No response to paragraph 6 of the Complaint is required since it merely alleges legal conclusions.

7. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of the Complaint; accordingly, such allegations are denied.

8. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint; accordingly, such allegations are denied.

9. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint; accordingly, such allegations are denied.

10. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint; accordingly, such allegations are denied.

11. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Complaint; accordingly, such allegations are denied.

12. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint; accordingly, such allegations are denied.

13. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint; accordingly, such allegations are denied.

~BALT1:4108698.v1
14040-2

14. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint; accordingly, such allegations are denied.

15. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Complaint; accordingly, such allegations are denied.

16. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint; accordingly, such allegations are denied.

17. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint; accordingly, such allegations are denied.

18. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Complaint; accordingly, such allegations are denied.

19. Heller lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 19 of the Complaint; accordingly, such allegations are denied.

20. Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of the Complaint; accordingly, such allegations are denied.

21. Heller denies the allegations contained in paragraph 21 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Under the Suits in Admiralty Act Against USA)**

22-24. By Memorandum and Order of this Court dated March 30, 2004, this Court dismissed Counts I, V, VI and VII of the Complaint with prejudice. Accordingly, the allegations contained in Counts I, V, VI and VII of the Complaint require no responsive pleading by Heller. In addition, Heller is not named as defendant in Count I of the Complaint; accordingly, the allegations in Count I of the Complaint require no responsive pleading by Heller. To the extent any responsive pleading is required, Heller lacks knowledge or information sufficient to form a

belief as to the allegations in paragraphs 22-24 of the Complaint; accordingly such allegations are DENIED.

## SECOND CAUSE OF ACTION
### (Against BMI for Breach of Contract)

25-27.   Heller is not named as defendant in Count II of the Complaint; accordingly, the allegations in Count II of the Complaint require no responsive pleading by Heller.  To the extent any responsive pleading is required, Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraphs 25-27 of the Complaint; accordingly such allegations are DENIED.

## THIRD CAUSE OF ACTION
### (Against BMI for Work and Labor Performed and Materials Furnished)

28-29.   Heller is not named as defendant in Count III of the Complaint; accordingly, the allegations in Count III of the Complaint require no responsive pleading by Heller.  To the extent any responsive pleading is required, Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraphs 28-29 of the Complaint; accordingly such allegations are DENIED.

## FOURTH CAUSE OF ACTION
### (Against BMI and Heller to Establish a Constructive Trust upon the Proceeds of IMIA's Request for Change Order in the Hands of BMI and/or Heller)

30.   The statement in paragraph 30 of the Complaint requires no responsive pleading. To the extent a responsive pleading is required, Heller incorporates by reference its response to paragraphs 1 through 29 of the Complaint.

31.   Heller denies the allegations contained in paragraph 31 of the Complaint.

32.   Heller denies the allegations contained in paragraph 32 of the Complaint.

33.   Heller denies the allegations contained in paragraph 33 of the Complaint.

34.  Heller denies the allegations contained in paragraph 34 of the Complaint.

35.  Heller denies the allegations contained in paragraph 35 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Against BMI and Heller to Perfect a Lien upon the Proceeds of IMIA's Request for Change Order, in the Hands of BMI and Heller, under the Suits in Admiralty Act)**

36-38.  By Memorandum and Order of this Court dated March 30, 2004, this Court dismissed Counts I, V, VI and VII of the Complaint with prejudice.  Accordingly, the allegations contained in Counts I, V, VI and VII of the Complaint require no responsive pleading by Heller.  To the extent any responsive pleading is required, Heller denies the allegations contained in paragraphs 36-38 of the Complaint.

**SIXTH CAUSE OF ACTION**
**(Against BMI and Heller to Establish an Equitable Lien upon the Proceeds of IMIA's Request for Change Order in the Hands of BMI and/or Heller)**

39-44.  By Memorandum and Order of this Court dated March 30, 2004, this Court dismissed Counts I, V, VI and VII of the Complaint with prejudice.  Accordingly, the allegations contained in Counts I, V, VI and VII of the Complaint require no responsive pleading by Heller.  To the extent any responsive pleading is required, Heller denies the allegations contained in paragraphs 39-44 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**(Against the United States of America for an Equitable Lien or Interest upon the Proceeds of IMIA's Request for Change Order Wrongfully Disbursed to BMI by USA)**

45-54.  By Memorandum and Order of this Court dated March 30, 2004, this Court dismissed Counts I, V, VI and VII of the Complaint with prejudice.  Accordingly, the allegations contained in Counts I, V, VI and VII of the Complaint require no responsive pleading by Heller.  In addition, Heller is not named as defendant in Count VII of the Complaint; accordingly, the allegations in Count I of the Complaint require no responsive pleading by Heller.  To the extent

any responsive pleading is required, Heller lacks knowledge or information sufficient to form a belief as to the allegations in paragraphs 45-54 of the Complaint; accordingly such allegations are DENIED.

55.     To the extent any of the allegations in the Complaint have not been specifically admitted or denied, they are hereby denied.

## GENERAL DENIAL AND AFFIRMATIVE DEFENSES

Heller generally denies any liability to IMIA. In addition, Heller asserts the following affirmative defenses:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Heller has at all times acted in good faith and in accordance with its contractual and legal obligations.

### Third Defense

All or some of the claims are barred by the conduct of IMIA.

### Fourth Defense

Heller is the rightful owner of the funds at dispute in the lawsuit.

### Fifth Defense

IMIA cannot establish a constructive trust because it was not the owner of the funds allegedly sent from the USA to BMI.

### Sixth Defense

IMIA cannot establish a constructive trust because it cannot trace the proceeds allegedly sent from the USA to BMI then sent to Heller.

~BALT1:4108698.v1
14040-2

### Seventh Defense

IMIA cannot establish a constructive trust because no wrongdoing occurred in the acquisition of the property nor was there circumstances that rendered it inequitable for Heller to retain the beneficial interest.

### Eighth Defense

All or some of the claims are barred by estoppel.

### Ninth Defense

All or some of the claims are barred by laches.

### Tenth Defense

All of some of the claims are barred by the statute of limitations.

### Eleventh Defense

All or some of the claims are barred by setoff.

### Twelfth Defense

All or some of the claims are barred by the equitable doctrine of unclean hands.

### Thirteenth Defense

All or some of the claims are barred by waiver.

### Fourteenth Defense

All or some of the claims are barred by reason of IMIA's failure to file an Objection in accordance with the Second Interim Agreement and Consent Order Authorizing Debtor to use Cash Collateral and Granting Adequate Protection and Final Order Approving First Interim Agreement and Consent Order Authorizing Use of Cash Collateral and Granting Adequate Protection.

Fifteenth Defense

All or some of the claims are barred by the statute of frauds.

**RESERVATION OF RIGHTS**

Heller expressly reserves the right to amend this answer by way of adding affirmative defenses, counterclaims, cross-claims and/or third party claims as additional facts are obtained through further investigation and discovery.

WHEREFORE, the Complaint having been answered, Heller hereby requests that this Court:

(a) Enter judgment in favor of Heller against IMIA;

(b) Award Heller its costs and expenses incurred herein; and

(c) Grant such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

DATED: April 9, 2004

/s/ Jodie E. Buchman
Richard M. Kremen (Bar No. 00532)
Jodie E. Buchman (Bar No. 26004)
Piper Rudnick LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

Attorneys for Defendant Heller Financial, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of April, 2004 a copy of the foregoing Answer by Heller Financial, Inc. was sent by electronic mail and/or first class mail to the following:

>Edward J. Baines
>Patrick E. Clark
>Saul Ewing LLP
>100 S. Charles Street
>Baltimore, Maryland 21201
>
>Karen H. Moore
>Whiteford, Taylor & Preston L.L.P.
>7 St. Paul Street
>Baltimore, MD  21202-1626
>
>Michael Schatzow
>Tracey Cohen Paliath
>Venable Baetjer and Howard LLP
>Two Hopkins Plaza, Suite 1800
>Baltimore, Maryland 21201
>
>Robert D. McCallum, Jr.
>Thomas M. Dibiagio
>Thomas F. Corcoran
>6625 United States Courthouse
>101 W. Lombard Street
>Baltimore, Maryland 21201
>
>Gregg A. Cervi
>Peter F. Frost
>Torts Branch, Civil Division
>U.S. Department of Justice
>P.O. Box 14271
>Washington, D.C. 20044-4271

>        /s/    Jodie E. Buchman
>         Jodie E. Buchman

~BALT1:4108698.v1
14040-2