IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **INTERNATIONAL MARINE &** | * | |
| **INDUSTRIAL APPLICATORS, INC.,** | | |
| | * | |
| **Plaintiff.** | | |
| | * | |
| v. | | Civil No. MJG-02-3542 |
| | * | |
| **UNITED STATES OF AMERICA,** *et al.*, | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO INTERVENE AS DEFENDANT

Pursuant to Federal Rule of Civil Procedure 24, the Official Committee of Unsecured Creditors of Baltimore Marine Services, Inc. (the "Committee"), by counsel, respectfully submits this Motion to Intervene as Defendant in the above captioned action. In support of this motion, the Committee states as follows.

### I. BACKGROUND

1.  International Marine & Industrial Applicators, Inc. (the "Plaintiff"), commenced the present action against Baltimore Marine Industries, Inc. ("BMI"), and other defendants, including Heller Financial, Inc. ("Heller"), by filing a complaint with the Court on October 29, 2002. The Plaintiff filed several amended complaints that ultimately resulted in the filing of Plaintiff's Third Amended Complaint (the "Complaint"), which alleges counts against BMI under theories of breach of contract, restitution, constructive trust, maritime lien, and equitable lien.

#418353v.2

2.	On June 11, 2003, BMI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (the "Code"). BMI's bankruptcy case was assigned case number 03-80215 (the "Bankruptcy Case") and is currently pending before Chief Judge James Schneider of the United States Bankruptcy Court for the District of Maryland. Pursuant to Sections 1107 and 1108 of the Code, BMI remains in possession of its property and continues to manage its business and financial affairs as a debtor-in-possession.

3.	A suggestion of bankruptcy was filed in the present action on June 13, 2003, and on June 23, 2003, this Court entered an order providing that this case be stayed until further order of the Court.

4.	On July 3, 2003, the Plaintiff filed with the bankruptcy court a motion for relief from the automatic stay of 11 U.S.C. § 362 to permit the Plaintiff to proceed with the present action in this Court. The bankruptcy court granted the Plaintiff's motion by an order entered on July 31, 2003. The bankruptcy court's order modified the automatic stay to allow the present action to proceed until fifteen days after the entry of an order by this Court on pending motions to dismiss.

5.	On August 15, 2003, pursuant to the bankruptcy court order modifying the automatic stay, this Court entered an order permitting certain parties to file or respond to motions to dismiss. Following the Court's March 30, 2004, ruling on motions to dismiss filed by Heller and the United States, the United States was dismissed as a party and Heller remained as a defendant only as to the constructive trust count. BMI remains a defendant as to the counts for breach of contract, restitution, and constructive trust.

6. With respect to the Bankruptcy Case, on June 19, 2003, the Office of the United States Trustee, Region Four, appointed the Committee pursuant to 11 U.S.C. § 1102. The role of the Committee is to serve as a fiduciary to and representative body of the unsecured creditors of BMI, to consult with BMI regarding the administration of the Bankruptcy Case, to investigate matters that are relevant to the Bankruptcy Case, and to participate in the formulation of a plan of reorganization for BMI. *See* 11 U.S.C. § 1103.

7. As authorized by the bankruptcy court, on November 5, 2003, BMI sold, at public auction sale, all of its real property and tangible personal property (the "Sale"). The Sale closed on March 5, 2004. Thereafter, BMI's management resigned, and the obligations for continuing the liquidation process have been shared by counsel for the BMI and counsel for the Committee pursuant to a Stipulation and Consent Order with respect to wind down of BMI's business, entered by the bankruptcy court on February 24, 2004.

8. On April 14, 2004, the Debtor and the Committee filed with the bankruptcy court a Joint Plan of Liquidation (the "Plan") and a Proposed Joint Disclosure Statement. The Plan designates Alan M. Grochal, current counsel to the Committee, as liquidating agent of BMI's bankruptcy estate, and it calls for the continued liquidation of assets and the distribution of the proceeds to creditors in accordance with their priorities as set forth in the Bankruptcy Code.

## II. ARGUMENT

9. Federal Rule of Civil Procedure 24 provides for the intervention of interested parties in pending actions either as a matter of right or by permission.

Specifically, with regard to intervention as a matter of right, Rule 24(a) provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a). With regard to intervention by permission, Rule 24(b) provides, in pertinent part, that "[u]pon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." FED R. CIV. P. 24(b).

### A. The Committee has an Unconditional Right to Intervene

10. Pursuant to Rule 24(a)(1), the Committee may intervene as a matter of right when a statute of the United States confers such a right. Section 1109 of the Bankruptcy Code provides that "[a] party in interest, including . . . a creditors' committee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). This Section has been interpreted as providing a creditors' committee an absolute right of intervention in litigation in Federal District Courts if the litigation is "related to" a bankruptcy case under Chapter 11 of the Bankruptcy Code. Specifically, in *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1241 (3rd Cir. 1994), it was held that "§ 1109(b) . . . gives a creditors' committee an unconditional right to intervene in a non-core, "related-to" proceeding before a federal

district court."[1]  As stated by this Court, a proceeding is "related to" a debtor's bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."  *In re Brown*, 300 B.R. 871, 875 (D.Md. 2003) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, n. 6, 115 S.Ct. 1493 (1995)).

11.  The present action is "related to" BMI's Bankruptcy Case because any judgment against BMI would adversely affect its bankruptcy estate by reducing the estate assets that would be available for distributions to BMI's creditors.  Therefore, because the present action is related to BMI's bankruptcy proceeding, the Committee has an unconditional right conferred by 11 U.S.C. § 1109(b) to intervene in the present action.

B.  **The Committee has an Interest in the Subject of the Present Action and Its Interest is not Being Adequately Protected**

12.  Under Federal Rule 24(a)(2), the Fourth Circuit has determined that a party seeking intervention must establish that (1) the motion to intervene was timely filed, (2) the party has a direct and substantial interest in the property or transaction, (3) the party's interest will be impaired if intervention is not allowed, and (4) the party's interest is not otherwise adequately represented by existing parties to the litigation.  *See Merritt Commercial Savings & Loan, Inc. v. Guinee*, 766 F.2d 850, 853 (4th Cir. 1985).

---

[1] The Court should be made aware that the Fourth Circuit has held that Section 1109(b) of the Code does not confer an absolute right to intervene on every party in interest in a bankruptcy case.  In *Richman v. First Woman's Bank*, 104 F.3d 654 (4th Cir. 1997), the Fourth Circuit determined that, because of the need for efficiency and orderly administration of a bankrupt's estate, 1109(b) does not confer an absolute right on every party in interest to intervene in all matters arising in the bankruptcy case.  The Committee, however, does not believe that *Richman* is applicable to the present action because the *Richman* Court was concerned about overburdening the bankruptcy court with potentially unlimited parties intervening in every matter before it; the present action, however, does not present such a problem because this is a case pending before the district court.  A creditors' committee's intervention in litigation against a debtor

The Committee satisfies each element of the Fourth Circuit's analysis under Rule 24 and intervention as of right should be granted.

13.     With regard to timeliness of the motion to intervene, the Fourth Circuit has stated that, while passage of time is one factor to consider, "[t]he most important consideration is whether any delay has prejudiced the other parties." *Spring Construction Co., Inc. v. Harris*, 716 F.2d 374, 377 (4th Cir. 1980).  In the present case, the Court ruled on two motions to dismiss merely three weeks ago, and discovery has not even begun. The Committee cannot conceive any reason why the parties to this litigation would be prejudiced by its intervention as a defendant, and thus the Committee's motion should be considered timely filed.

14.     With regard to the second and third elements of the Fourth Circuit's analysis under Rule 24(a)(2), the movant must demonstrate that disposition of the case would, as a practical matter, impair its ability to protect its interest in the property or transaction, and *stare decisis* by itself may furnish the practical disadvantage required for a movant to be entitled to intervention as a matter of right.  *See Spring Construction*, 614 F.2d at 376; *Francis v. Chamber of Commerce*, 481 F.2d 192 (4th Cir. 1973).

15.     In the present action, it is clear that the Committee has an interest in the transaction that is the subject of this litigation.  Currently, all secured claims against BMI are satisfied and the bulk of BMI's remaining assets will be used to pay unsecured creditors.  If, however, Heller is found liable to the Plaintiff under the Plaintiff's constructive trust theory, then Heller will be required to disgorge a portion of the payment it received from BMI on its secured claim.  This would result in revival of

---

outside of the bankruptcy court would further the Fourth Circuit's interest of reducing the burden to the bankruptcy court.

#418353v.2                                                    6

Heller's secured claim against BMI's bankruptcy estate and would greatly diminish the ultimate recovery available to all unsecured creditors because payment to Heller on its secured claim would come from estate funds that would otherwise be paid to the unsecured creditors. Preventing the Committee from intervening would prevent it from protecting its direct and substantial interest in preserving the bankruptcy estate of BMI for the benefit of the unsecured creditors of BMI, and thus the second and third elements of the Fourth Circuit's analysis under Rule 24(a)(2) are satisfied.

16. The final element of the analysis under Rule 24(a)(2) requires that a movant demonstrate that its interests are not being adequately represented by existing parties to the litigation. The Fourth Circuit and this Court have described this required showing of inadequacy of representation as being "minimal." *See Commonwealth of Virgina v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976); *Zimmerman v. Bell*, 101 F.R.D. 329 (D.Md. 1984). A movant may demonstrate that its rights are not adequately protected by simply establishing that the existing representative party cannot devote proper attention to the movant's interest. *See United States v Alcan Aluminum, Inc.*, 25 F.3d 1174, 1186n.15 (3rd Cir. 1994). Such is the situation in the present case.

17. As stated above, BMI's management is gone and the company is in a liquidation mode; BMI no longer has any economic interest in the outcome of this litigation. Without any economic interest, and without company management to aid in its defense, BMI in not in a position to devote the time necessary to protect the interests of its unsecured creditors in the present litigation. Therefore, the Committee has the right to intervene in this action to protect the interests of the unsecured creditors that it represents.

### C. The Committee Should be Permitted to Intervene Under Rule 24(b)(2)

18.     Should the Court determine that the Committee is not entitled to intervene as of right, it should nonetheless permit the Committee's intervention as a defendant pursuant to Federal Rule 24(b). Under this Rule, this Court has determined that intervention will be appropriate where the "1) the application is timely; 2) the moving party's claim or defense and the main action have a common question of law or fact; and 3) the proposed intervention will not unduly delay or prejudice the adjudication of the original parties' rights." *Hemphill v. McNeil-PPC, Inc.*, 134 F.Supp.2d 719 (D.Md. 2001) (citing *Hill v. W. Electric Co.*, 672 F.2d 381, 386 (4th Cir. 1982)).

19.     As discussed above, the Committee's Motion is timely and will cause no undue delay or prejudice to the original parties. Also, because the Committee intends to assert those defenses and/or claims that would be asserted by BMI if BMI were able to provide due attention to this litigation, it cannot be said that the Committee's defenses and claims do not share a common question of fact or law with the defenses and claims of BMI, a party to the present action. Therefore, intervention by the Committee in this litigation is appropriate under Federal Rule 24(b)(2).

20.     In light of the discussion contained herein, the Committee respectfully requests that this Court waive any requirement for the filing of a separate memorandum of law.

### III. CONCLUSION

Based on the forgoing, the Committee is entitled to intervene in this litigation as a matter of right under both Federal Rule 24(a)(1) and (a)(2), and the Committee's intervention is also appropriate under Federal Rule 24(b)(2). Accordingly, the

Committee Respectfully requests that this Court enter an Order granting the Committee's intervention in this case pursuant to Federal Rule 24(a), or, in the alternative, permitting the Committee to intervene under Federal Rule 24(b), and (ii) granting such other and further relief as this Court deems just and proper.

                                                Respectfully submitted,

Date: April 22, 2004                          /s/ Alan M. Grochal
                                                Alan M. Grochal, Bar No. 01447
                                                Matthew C. Brown, Bar No. 27152
                                                 Tydings & Rosenberg LLP
                                                 100 East Pratt Street, 26th Floor
                                                 Baltimore, Maryland 21202
                                                 (410) 752-9700

                                               *Attorneys for the Movant, the Official Committee of Unsecured Creditors of Baltimore Marine Services, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of April, 2004, a copy of the forgoing Motion to Intervene as Defendant was sent by first class mail, postage prepaid, to the following:

Edward Joseph Baines, Esquire
Saul Ewing LLP
100 South Charles Street, 15th Floor
Baltimore, Maryland 21201-2773

Ira David Cherniak, Esquire
Johnstone, Adams, Bailey, Gordon and Harris, LLC
104 Saint Francis Street
Mobile, Alabama 36602

Karen H. Moore, Esquire
Whiteford, Taylor and Preston
Seven Saint Paul Street, Suite 1400
Baltimore, Maryland 21202

Richard M. Kremen, Esquire
Piper Rudnick LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600

John P. Amato, Esquire
Hahn and Hessen LLP
488 Madison Avenue, 14th Floor
New York, New York 20022

/s/ Matthew C. Brown
Matthew C. Brown